IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2304

**STEVEN MURPHY and SARAH MURPHY,**
**Each Individually and on Behalf of All**
**Others Similarly Situated,**
      Plaintiff,

v.

**DENVER CHILDREN'S HOME,**
      Defendant.

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Steven Murphy and Sarah Murphy ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendant Denver Children's Home ("Defendant"), state and allege as follows:

### I.    INTRODUCTION

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and others similarly situated lawful overtime compensation for all hours worked in excess of forty per week.

2. Plaintiffs also bring this action to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the

Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

7. The witnesses to the wage violations herein reside in this District.

8. The records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

9. Plaintiff Steven Murphy is an individual and resident the State of Colorado.

10. Plaintiff Sarah Murphy is an individual and resident of the State of Colorado.

11. Plaintiffs are a married couple who live and work in the State of Colorado.

12. Defendant Denver Children's Home is a domestic nonprofit corporation.

13. The registered agent for service of process for Defendant is Phil Bloise, Denver Children's Home, 1501 Albion Street, Denver, Colorado 80220.

14. Defendant maintains a website at https://www.denverchildrenshome.org/.

### IV.   FACTUAL ALLEGATIONS

15. Defendant is a nonprofit corporation that "provides a comprehensive therapeutic and educational continuum of care for [Denver's] abused, neglected and traumatized children and their families with mental health issues."[1]

16. As part of its services, Defendant operates residential group homes for abused, neglected and traumatized teens, and hires individuals as "House Parents" to run the day-to-day operations of the homes.

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

18. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

19. Defendant is an "employer" within the meanings set forth in the FLSA, the CMWO and the CWA and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

---

[1] See https://www.denverchildrenshome.org/about (last visited Aug. 15, 2024).

20. Plaintiffs were employed by Defendant within the three years preceding the filing of this Complaint.

21. Specifically, Plaintiffs worked for Defendant from March of 2021 until the present as House Parents.

22. Defendant also employed other House Parents within the three years preceding the filing of this lawsuit.

23. As House Parents, Plaintiffs' primary responsibility was to supervise the teens residing in the home, which included meal preparation, schoolwork assistance and supervision, setting and maintaining suitable daily routines, dispensing medications when necessary, transporting residents to appointments or other activities, and other tasks associated with ensuring the residents enjoyed a stable and safe environment as they recovered.

24. Other House Parents had the same or similar duties as Plaintiffs.

25. Because of the unique nature of House Parent duties, Defendant specifically sought and hired married couples for the position.

26. At all relevant times herein, Defendant directly hired Plaintiffs and other House Parents to work on Defendant's behalf, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. At all material times herein, Plaintiffs and other House Parents have been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

28. Defendant paid Plaintiffs a salary and classified them as exempt from the overtime requirements of the FLSA.

29. Defendants paid other House Parents a salary and classified them as exempt from the overtime requirements of the FLSA.

30. Defendant did not pay Plaintiffs or other House Parents an overtime premium of 1.5 times their regular hourly rate for all hours worked in excess of 40 each week.

31. Despite both Plaintiffs performing the job duties of House Parent, Defendant paid both Plaintiffs a single salary because it considered them to be filling to position of a single House Parent.

32. At the beginning of their employment, Plaintiff Sarah Murphy received an annual salary of around $60,000 and Plaintiff Steven Murphy received no income at all.

33. Around 2022, Plaintiff Sarah Murphy's salary was increased to $66,000 per year and Plaintiff Steven Murphy continued to receive no income at all.

34. Around 2023, Plaintiff Sarah Murphy's salary was increased to $72,000 per year and Plaintiff Steven Murphy continued to receive no income at all.

35. In 2024, Defendant transitioned into paying Plaintiff Steven Murphy $72,000 per year, but Plaintiff Sarah Murphy received no income at all.

36. At no time during their employment did Plaintiffs' salary meet the minimum weekly income threshold to be properly classified as exempt from the overtime requirements of the FLSA.

37. Despite its consideration of Plaintiffs filling the role of a single House Parent and only paying one Plaintiff at a time, Defendant did not permit either Plaintiff to maintain a job outside of their role as House Parent.

38. Performing the duties of House Parent was Plaintiffs' sole source of income.

39. Defendant hired other couples as House Parents and paid them a single salary that did not meet the minimum weekly income threshold to be properly classified as exempt from the overtime requirements of the FLSA.

40. Defendant did not permit other House Parent couples to maintain jobs outside of their positions as House Parents.

41. As live-in House Parents, Plaintiffs and other House Parents were "on duty" 24-hours per day, 7 days per week, and regularly worked more than 40 hours per week.

42. Defendant did not track Plaintiffs' or other House Parents' hours worked or provide any time-keeping system.

43. Defendant knew or should have known that they were not paying Plaintiffs and other House Parents sufficient wages.

44. Defendant knew or showed reckless disregard for whether the way they paid Plaintiffs and other House Parents violated the FLSA, the CWA and the CMWO.

### V. REPRSENTATIVE ACTION ALLEGATIONS

45. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

46. Plaintiff proposes the following class under the FLSA:

**All House Parents couples who were paid a
single salary within the past three years.**

47. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were not paid a sufficient overtime premium for hours worked over forty each week;

B. They were subject to Defendant's common policy of misclassifying them as exempt from the overtime provisions of the FLSA;

C. They were subject to numerous other policies and practices as described above; and

D. They had the same or substantially similar job duties and requirements.

50. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 100 persons.

51. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

52. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

53. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

55. Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

56. Defendant failed to pay Plaintiffs an overtime rate of 1.5 times their regular rate of pay for all hours worked over 40 per week, despite their entitlement thereto.

57. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint.

59. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

61. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62. At all relevant times, Defendant has been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

64. Defendant misclassified Plaintiffs and other similarly situated employees as exempt from the overtime provisions of the FLSA.

65. Despite Plaintiffs' and similarly situated employees' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and similarly situated employees 1.5 times their regular rate for all hours worked in excess of 40 per week.

66. Defendant knew or should have known that its actions violated the FLSA.

67. Defendant's conduct and practices, as described above, were willful.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

69. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

70. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and other similarly situated employees as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. SECOND CLAIM FOR RELIEF
(Individual Claims for Violations of CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, 7 C.C.R. § 1103-1)

71. Plaintiffs worked more than forty hours per week in at least one week in the time period relevant to this lawsuit.

72. Defendant failed to properly pay Plaintiffs overtime wages at a rate of not less than 1.5 times their regular rates of pay for all hours worked over 40 each week.

73. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

74. Because Defendant willfully violated the CWA and CMWO, a three-year statute of limitations shall apply to such violations.

75. As a result of Defendant's policies and practices described above, Plaintiffs were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Steven Murphy and Sarah Murphy, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein as follows:

A.   That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

B.   A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C.   Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and others similarly situated under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.   Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and others similarly situated during the applicable statutory period;

E.   Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiffs are lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

F. An order directing Defendant to pay Plaintiffs and others similarly situated pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**STEVEN MURPHY and SARAH MURPHY, Each Individually and on Behalf of all Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com