IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02304-SBP

STEVEN MURPHY, and
SARAH MURPHY,
Each Individually and on Behalf of All
Others Similarly Situated,

    Plaintiffs,

v.

DENVER CHILDREN'S HOME,

    Defendant.

---

### ANSWER TO PLAINTIFFS' COMPLAINT—COLLECTIVE ACTION

---

Defendant Denver Children's Home ("DCH" or "Defendant"), by and through their undersigned counsel, Fisher & Phillips, LLP, and hereby answers the Complaint—Collective Action filed by Plaintiffs Steven Murphy and Sarah Murphy ("Plaintiffs") individually and on behalf of all others alleged to be similarly situated, and in support thereof, states as follows:

### I.   INTRODUCTION

1. DCH admits that Plaintiffs bring this action for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, but denies that Plaintiffs are entitled to do so. DCH denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2. DCH admits that Plaintiffs bring this action to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs, but denies that Plaintiffs are entitled to do so. DCH denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3. DCH denies the allegations set forth in Paragraph 3 of the Complaint.

## II. JURISDICTION AND VENUE

4. DCH denies that this Court has subject matter jurisdiction over this action.

5. DCH admits that it does business in this District and that venue is proper, but denies the remaining allegations set forth in Paragraph 5 of Complaint.

6. DCH admits that the Complaint also alleges Colorado Wage Act and Colorado Minimum Wage Order violations. The remaining allegations set forth in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

7. DCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

8. DCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same.

## III. PARTIES

9. DCH admits that Plaintiff Steven Murphy is an individual. DCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint and therefore denies the same.

10. DCH admits that Plaintiff Sarah Murphy is an individual. DCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11. DCH admits the allegations set forth in Paragraph 11 of the Complaint.

12. DCH admits the allegations set forth in Paragraph 12 of the Complaint.

13. DCH admits the allegations set forth in Paragraph 13 of the Complaint.

14. DCH admits the allegations set forth in Paragraph 14 of the Complaint.

### IV.   FACTUAL ALLEGATIONS

15. DCH admits that it is a nonprofit corporation and states the website referenced in Paragraph 15 of the Complaint speaks for itself.

16. DCH admits that it provides residential group homes for abused, neglected and traumatize teens, and hires individuals as "House Parents." DCH denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. DCH denies the allegations set forth in Paragraph 17 of the Complaint.

18. DCH denies the allegations set forth in Paragraph 18 of the Complaint.

19. DCH admits it an "employer" within the meanings set forth in the 29 U.S.C. 203(d), CMWO and the CWA, and employed Plaintiffs, but denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20. DCH admits the allegations set forth in Paragraph 20 of the Complaint.

21. DCH admits Plaintiffs began working for DCH in or around March 2021 as House Parents, but denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. DCH admits the allegations set forth in Paragraph 22 of the Complaint.

23. DCH admits that Plaintiffs had a variety of duties and responsibilities while employed by DCH, including at various times those listed in Paragraph 23 of the Complaint. This paragraph is not susceptible to better or more finite answer by reason of its generalities, and therefore DCH denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24. DCH admits that other House Parents had a variety of duties and responsibilities while employed by DCH, including at various time those listed in Paragraph 23 of the Complaint. This paragraph is not susceptible to better or more finite answer by reason of its generalities, and therefore DCH denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25. DCH admits it has hired married couples as House Parents. This paragraph is not susceptible to better or more finite answer by reason of its generalities, and therefore DCH denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26. DCH admits it hired Plaintiffs and other House Parents who paid and may have received benefits to which they were eligible. This paragraph is not susceptible to a better or more finite answer by reason of its generalities, and therefore DCH denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27. The allegations set forth in Paragraph 27 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

28. The allegations set forth in Paragraph 28 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

29. The allegations set forth in Paragraph 29 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

30. The allegations set forth in Paragraph 30 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

31. DCH denies the allegations set forth in Paragraph 31 of the Complaint.

32. DCH denies the allegations set forth in Paragraph 32 of the Complaint.

33. DCH denies the allegations set forth in Paragraph 33 of the Complaint.

34. DCH denies the allegations set forth in Paragraph 34 of the Complaint.

35. DCH denies the allegations set forth in Paragraph 35 of the Complaint.

36. The allegations set forth in Paragraph 36 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

37. DCH denies the allegations set forth in Paragraph 37 of the Complaint.

38. DCH denies the allegations set forth in Paragraph 38 of the Complaint.

39. The allegations set forth in Paragraph 39 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

40. DCH denies the allegations set forth in Paragraph 40 of the Complaint.

41. DCH denies the allegations set forth in Paragraph 41 of the Complaint.

42. DCH denies the allegations set forth in Paragraph 42 of the Complaint.

43. DCH denies the allegations set forth in Paragraph 43 of the Complaint.

44. DCH denies the allegations set forth in Paragraph 44 of the Complaint.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

45. DCH admits that Plaintiffs purport to bring their claims as a collective action under the FLSA, but denies that they are entitled to do so. DCH denies the remaining allegations set forth in Paragraph 45 of the Complaint, and each and every subparagraph of said Paragraph 45.

46. DCH admits that Plaintiffs propose a class under the FLSA, but denies that they are entitled to do so. DCH denies the remaining allegations set forth in Paragraph 46 of the Complaint, and each and every subparagraph of said Paragraph 46.

47. DCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and therefore denies the same.

48. The allegations set forth in Paragraph 48 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

49. The allegations set forth in Paragraph 49 of the Complaint, and each and every subparagraph of said Paragraph 49, constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

50. DCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and therefore denies the same.

51. DCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and therefore denies the same.

52. DCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint and therefore denies the same.

53. DCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint and therefore denies the same.

## VI.   FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

54. The allegations set forth in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

55. DCH denies the allegations set forth in Paragraph 55 of the Complaint.

56. DCH denies the allegations set forth in Paragraph 56 of the Complaint.

57. DCH denies the allegations set forth in Paragraph 57 of the Complaint.

58. The allegations set forth in Paragraph 58 of the Complaint constitute legal conclusions to which no response is required.  To the extent otherwise, DCH denies the allegations.

59. The allegations set forth in Paragraph 59 of the Complaint constitute legal conclusions to which no response is required.  To the extent otherwise, DCH denies the allegations.

60. The allegations set forth in Paragraph 60 of the Complaint constitute legal conclusions to which no response is required.  To the extent otherwise, DCH denies the allegations.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

61. DCH admits that Plaintiffs purport to bring their claims as a collective action under the FLSA, but denies that they are entitled to do so.  DCH denies the remaining allegations set forth in Paragraph 61 of the Complaint.

62. The allegations set forth in Paragraph 62 of the Complaint constitute legal conclusions to which no response is required.  To the extent otherwise, DCH denies the allegations.

63. The allegations set forth in Paragraph 63 of the Complaint constitute legal conclusions to which no response is required.  To the extent otherwise, DCH denies the allegations.

64. DCH denies the allegations set forth in Paragraph 64 of the Complaint.

65. The allegations set forth in Paragraph 65 of the Complaint constitute legal conclusions to which no response is required.  To the extent otherwise, DCH denies the allegations.

66. DCH denies the allegations set forth in Paragraph 66 of the Complaint.

67. DCH denies the allegations set forth in Paragraph 67 of the Complaint.

68. The allegations set forth in Paragraph 68 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

69. The allegations set forth in Paragraph 69 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

70. The allegations set forth in Paragraph 70 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

### VIII.   SECOND [*SIC*] CLAIM FOR RELIEF
### (Individual Claims for Violations of CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, 7 C.C.R. § 1103-1)

71. DCH denies the allegations set forth in Paragraph 71 of the Complaint.

72. DCH denies the allegations set forth in Paragraph 72 of the Complaint.

73. DCH denies the allegations set forth in Paragraph 73 of the Complaint.

74. The allegations set forth in Paragraph 74 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations.

75. The allegations set forth in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required. To the extent otherwise, DCH denies the allegations

### IX.   PLAINTIFFS' PRAYER FOR RELIEF

DCH denies that Plaintiffs are entitled to any relief in this action, including the relief sought in the "Prayer for Relief" section of the Complaint, and each of its subparts.

### DEFENDANT'S SEPARATE AND AFFIRMATIVE DEFENSES

As further, separate, and affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest with Plaintiffs, DCH asserts the following:

8

### FIRST SEPARATE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiffs are not entitled to the damages requested in the complaint.

### THIRD SEPARATE DEFENSE

Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective allegations of the Complaint should be stricken.

### FOURTH SEPARATE DEFENSE

Plaintiffs, and any alleged Plaintiff, were at all relevant times properly classified as exempt under federal and/or Colorado law.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curatlex*.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent any relief is sought beyond the applicable statute of limitations, including the statute of limitations applicable to Plaintiffs' claims under Colorado law and/or the two-year limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

### SEVENTH SEPARATE DEFENSE

Portions of Plaintiffs' claims may be barred because periods of time included in the Complaint may predate even the three-year limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs, including any purported class member, misrepresented to DCH the hours worked or nature of work performed.

### NINTH SEPARATE DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

### TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs lack standing to bring the alleged claims raised in this suit.

### ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiffs' own conduct resulted in them not being compensated in accordance with the FLSA or similar state wage and hour laws.

### TWELFTH SEPARATE DEFENSE

Plaintiffs, and any alleged Plaintiff, have failed to mitigate their damages, if any, and their right to recover against DCH, if any, should be reduced and/or eliminated by such a failure.

### THIRTEENTH SEPARATE DEFENSE

DCH has at all times acted in good faith and had reasonable grounds for believing its pay practices complied with applicable law.

### FOURTEENTH SEPARATE DEFENSE

At no time material hereto did DCH act in a willful, wanton, reckless, and/or malicious matter.

### FIFTEENTH SEPARATE DEFENSE

Plaintiffs', and any alleged Plaintiffs', claims for liquidated damages are barred by the FLSA because any and all actions taken by DCH were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of applicable law.

### SIXTEENTH SEPARATE DEFENSE

To the extent Plaintiffs and putative class and/or collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this action, such benefits and/or awards should offset, in whole or in part, any award they received here for the same injury.

### SEVENTEENTH SEPARATE DEFENSE

To the extent alleged, Plaintiffs, and any alleged Plaintiff, are barred from an award of compensatory or punitive damages or equitable relief because this is an action for unpaid wages under the FLSA.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiffs, and any alleged Plaintiff, were fully compensated in accordance with applicable law for work performed for DCH.

### NINETEENTH SEPARATE DEFENSE

Plaintiffs, and any alleged Plaintiff, have been paid and/or received all wages due to them by virtue of their employment with DCH.

### TWENTIETH SEPARATE DEFENSE

Plaintiffs do not, and cannot, fairly and adequately represent the interests of any putative class or purported collective group.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiffs, and any alleged Plaintiff, are not entitled to attorneys' fees or costs.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiffs', and any alleged Plaintiffs', claims cannot be properly joined with the claims of any actual or potential opt-ins.

### TWENTY-THIRD SEPARATE DEFENSE

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of DCH's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment to the United States Constitution.

### TWENTY-FOURTH SEPARATE DEFENSE

This suit may not be properly maintained as a class action because: (1) Plaintiffs, and any alleged Plaintiff, have failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method of the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiffs' claims are not representative or typical of the claims of the putative class; (5) Plaintiffs are not a proper class representative; (6) Plaintiffs and their counsel of record are not adequate representatives for the alleged putative class; (7) Plaintiffs, and any alleged Plaintiff, cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class; (9) the alleged putative class is not ascertainable nor are its

members identifiable; and (10) to the extent that the alleged putative class is ascertainable and its members are identifiable, the number of putative class members fail to meet the numerosity requirements for a class action.

## TWENTY-FIFTH SEPARATE DEFENSE

The adjudication of the claims of the putative class through generalized class-wide proof violates DCH's right to a trial by jury guaranteed by the United States Constitution.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs' claims and those of the putative class members are barred by the doctrines of res judicata and/or collateral estoppel to the extent that Plaintiffs, any members of the putative class or collective action, or any other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that he/she was entitled to any additional payment to which Plaintiffs claim that they, or members of the putative collective action, are entitled.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiffs', and any alleged Plaintiffs', claims arising under the FLSA and Colorado law should be dismissed because the Complaint does not allege dates and periods worked and/or amounts of compensation owed and does not allege that Plaintiff's, or any alleged Plaintiffs', wages for any workweeks fell below the minimum wage based on the number of hours worked during that week.

## TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiffs', and any alleged Plaintiffs', claims are barred in whole or in part by the exemptions, exclusions, exceptions, or credits provided in the FLSA and Colorado law.

**TWENTY-NINTH SEPARATE DEFENSE**

Plaintiffs', and any alleged Plaintiffs', claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs', and any alleged Plaintiffs', compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, or interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor with respect to the class of employers to which DCH belonged.

**THIRTIETH SEPARATE DEFENSE**

Plaintiffs', and any alleged Plaintiffs', claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

**THIRTY-FIRST SEPARATE DEFENSE**

Plaintiffs, and any alleged Plaintiff, are estopped from pursuing claims as set forth in the Complaint, or they have waived their claims, because of their own acts, omissions, or course of conduct, including, but not limited to, failure or refusal to record and report purported violations of the FLSA and Colorado law.

**THIRTY-SECOND SEPARATE DEFENSE**

Plaintiffs', and any alleged Plaintiffs', claims are barred by the doctrines of estoppel, offset, and/or setoff.

### THIRTY-THIRD SEPARATE DEFENSE

Plaintiffs', and any alleged Plaintiffs', claims are barred in whole or in part by the principles of accord and satisfaction and payment.

### THIRTY-FOURTH SEPARATE DEFENSE

Plaintiffs, and any alleged Plaintiff, are not entitled to injunctive relief.

### THIRTY-FIFTH SEPARATE DEFENSE

The Court lacks subject matter jurisdiction over this Complaint.

### THIRTY-SIXTH SEPARATE DEFENSE

Plaintiffs', and any alleged Plaintiffs' claims, are barred, in whole or in part, to the extent they did not work more than 40 hours in any given week.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiffs are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, or confiscatory.

### THIRTY-EIGHTH SEPARATE DEFENSE

Each and every allegation contained in Plaintiff's Complaint that is not specifically admitted herein by Defendants is denied in its entirety.

### RESERVATION OF RIGHTS

DCH expressly reserves the right to amend this Answer and to assert additional affirmative defenses, and to supplement, alter, or change this Answer and separate defenses upon revelation of more definitive facts by Plaintiffs and/or upon DCH's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## JURY DEMAND

DCH demands a trial by jury as to all causes of action.

## DCH'S PRAYER FOR RELIEF

WHEREFORE, DCH respectfully requests that this Court enter judgment in favor of DCH and against Plaintiffs as follows:

A. Denying all relief sought by Plaintiffs and dismissing the Complaint in its entirety;

B. Awarding DCH costs, disbursements, and reasonable attorneys' fees incurred in defending this action; and

C. Granting DCH any such other, further, or proper relief to which it may be entitled.

Respectfully submitted this 3rd day of October, 2024.

FISHER & PHILLIPS LLP

*s/ Hillary Ross*
Hillary Ross, #42215
Stephanie McConkie, #53616
1125 17th Street, Suite 2400
Denver, CO 80202
Tel: (303) 218-3650
Fax: (303) 218-3651
hross@fisherphillips.com
smcconkie@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2024, I electronically filed the foregoing **ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joshua J. Sanford
Sean Short
Sanford Law Firm, PLLC
10800 Financial Centre Parkway
Kirkpatrick Plaza, Suite 510
Little Rock, AR 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com
ecfnotices@sanfordlawfirm.com

*Attorneys for Plaintiffs*

                                              *s/ Lydia Agyemang*
                                              Lydia Agyemang
                                              For Fisher & Phillips LLP