# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2304-GPG-SBP

**STEVEN MURPHY and
SARAH MURPHY,**
    Plaintiffs,

v.

**DENVER CHILDREN'S HOME,**
    Defendant.

---

## JOINT PROPOSED SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference will be held telephonically on November 13, 2024, at 11:00 a.m., in Courtroom C-205, on the second floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado. It is anticipated that the following attorneys will appear to represent the parties:

| Counsel for Plaintiffs | Counsel for Defendant |
|---|---|
| Sean Short, Esq. | Hillary Ross, Esq. |
| Josh Sanford, Esq. | Stephanie McConkie, Esq. |
| SANFORD LAW FIRM, PLLC | FISHER & PHILLIPS LLP |
| 10800 Financial Centre Pkwy, Suite 510 | 1125 17th Street, Suite 2400 |
| Little Rock, Arkansas 72211 | Denver, CO 80202 |
| Telephone: (800) 615-4946 | Telephone: (303) 218-3650 |
| Facsimile: (888) 787-3040 | Facsimile: (303) 218-3651 |

Page 1 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

## 2. STATEMENT OF JURISDICTION

Plaintiff contends that this Court has subject-matter jurisdiction over Plaintiffs' claims under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. Defendant denies this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, Plaintiff contends that this Court has supplemental jurisdiction over Plaintiffs' CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

Defendant does business in this District and a substantial part of the events alleged herein occurred in this District. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391(a).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiffs**:  Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and others similarly situated lawful overtime compensation for all hours worked in excess of forty per week.

Plaintiffs also bring this action to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

Page 2 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

Plaintiffs claim that Defendant misclassified them and other similarly situated employees as exempt from the requirements of the FLSA. Plaintiffs also claim that Defendant knew or showed reckless disregard for whether its actions violated the FLSA, CWA, and the CMWO.

**Defendant**: Defendant Denver Children's Home ("DCH") began in 1881 as the Denver Orphans Home.  Today, DCH provides residential group homes for abused, neglected and traumatized teens.  These teens are largely referred to DCH by county social services, schools, community mental health providers, hospitals and juvenile justice organizations.

Plaintiffs were employed as "house parents" working in one of Defendant's group homes. In their Complaint, Plaintiffs allege, on behalf of themselves and those purportedly similarly situated, alleges unpaid minimum and overtime wage violations under the FLSA, as well as state law claims on their own behalf.

Defendant denies that Plaintiffs worked 24 hours per day, 7 days per week as claimed in the Complaint [Doc. 1 at ¶ 41], or that they were improperly compensated for the hours they actually worked for DCH.  Defendant further denies that Plaintiffs are entitled to unpaid wages or overtime wages under the FLSA, or any applicable Colorado wage laws, including but not limited to, the CWA and the CMWO.  Defendant also denies that Plaintiffs are entitled to liquidated damages, penalties, attorney fees, or costs. Defendant further contends that Plaintiffs have failed to identify a class of similarly-situated employees of DCH that Plaintiffs purport to represent, making conditional collective action certification inappropriate.

Page 3 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

Additionally, Defendant contends that the Court does not have subject matter jurisdiction over Plaintiffs' claims. Contrary to Plaintiffs' allegations in the Complaint, Defendant does not employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce. (*See* Doc. 1 at ¶ 17.) In addition, Defendant does not have an annual gross volume of sales made or business done of not less than $500,000.00 for each of the three years preceding the filing of Plaintiffs' Complaint as Plaintiff alleges. (*See id.* at ¶ 18.) The FLSA is therefore inapplicable to Plaintiffs and Defendant. *See Reagor v. Okmulgee Cnty. Fam. Res. Ctr.*, 501 F. App'x 805, 810 (10th Cir. 2012) (holding that employee failed to sufficiently allege that the FLSA applied, where employee worked for nonprofit shelter for domestic violence survivors which did not have a "business purpose" and was therefore not a covered "enterprise" under the FLSA, and the employee's alleged activities did not show that she was engaged in interstate commerce for purposes of "individual" coverage).

As additional denials and defenses, Defendant relies on the denials and defenses asserted in its Answer to Plaintiffs' Complaint [Doc. 14], including, but not limited to, lack of subject matter jurisdiction, that Plaintiffs were properly classified, and that actions taken in connection with Plaintiffs' compensation were done in good faith and with reasonable grounds for believing such actions were not in violation of any applicable law.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

Page 4 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

- Plaintiffs are a married couple.

- At all times relevant to the allegations in the Complaint, Plaintiffs lived and worked in the State of Colorado.

- Defendant is a domestic nonprofit corporation.

- Defendant provides residential group homes for abused, neglected and traumatized teens, and hires individuals as "House Parents."

- Defendant is an "employer" within the meanings set forth in the 29 U.S.C. 203(d), CMWO and the CWA.

- Plaintiffs were employed by Defendant within the three years preceding the filing of this Complaint.

## 5. COMPUTATION OF DAMAGES

**Plaintiffs**: A thorough damages calculation will not be possible until after the Parties participate in discovery. However, the categories of damages are as follows: Plaintiffs bring this action for monetary damages and liquidated damages for all unpaid minimum wages and overtime compensation under the FLSA, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, et seq.; prejudgment interest; and costs, including reasonable attorneys' fees and costs connected with this action.

Plaintiffs also bring this action for monetary and liquidated damages for all unpaid overtime compensation and penalties to which Plaintiffs are entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109; prejudgment interest, and costs,

Page 5 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

including reasonable attorney's fees as provided by Colo. Rev. Stat. § 8-6-118.

**Defendant**:  Defendant has not made a claim for damages in this case, however, Defendant reserves the right to seek recovery of its attorney fees and costs incurred to defend this action as allowed by applicable law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

October 23, 2024.

**b. Names of each participant and party he/she represented.**

For the Plaintiffs: Sean Short

For the Defendant: Hillary Ross

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Initial disclosures will be made on or before November 6, 2024.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. The parties agree that any documents identified but not produced on the day Initial Disclosures are due are subject to the parties' obligation to supplement their discovery disclosures under the Federal Rules of Civil Procedure.

**e. Statement concerning any agreements to conduct informal discovery:**

Page 6 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

The Parties have discussed informal discovery, but no agreements have been made as of yet.

### f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The Parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The Parties agree that discovery may be signed by e-signature rather than by hand. The Parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34 and to Bates number the documents they produce.  The Parties agree to confer regarding use of a unified exhibit numbering system.

**Defendant**:  In order to prevent a waste of the Parties' and judicial resources, as well to avoid privacy concerns with respect to discovery relating to putative collective members who are not and may never be parties to this case, Defendant believes it would be appropriate to limit discovery to only the individual claims asserted by Plaintiffs unless and until any putative collective is conditionally certified.  At that time, the Court can set a further Scheduling Conference to determine an appropriate additional discovery plan based upon whatever parties and claims are still part of this case.

**Page 7 of 13**
**Steven Murphy, et al. v. Denver Children's Home**
**U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP**
**Joint Proposed Scheduling Order**

FP 52669419.2

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that their claims or defenses will involve moderate electronically stored information; however, the parties agree to produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have begun discussing the possibility of settlement and will continue exploring the potential for settlement or resolution of the case.

## 7. CONSENT

All parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

**a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

No modifications to the presumptive limit of 25 interrogatories per side at this time.

Page 8 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

The parties agree to a limit of 5 depositions per side, exclusive of expert witnesses. However, if it is determined that this case will proceed as a collective action under the FLSA, Defendant reserves the right to seek the deposition of opt-in Plaintiffs and/or written discovery from opt-in Plaintiffs.

**b.     Limitations which any party proposes on the length of depositions**

No deposition of any deponent may exceed 7 hours without leave of court.

**c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Twenty-five requests for production and twenty-five requests for admission to each party. Each party reserves the right to seek leave to serve additional discovery for good cause shown.

**d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Forty-five (45) days before the end of the discovery period.

**e.     Other Planning or Discovery Orders**

The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver

Page 9 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34 and to Bates number the documents they produce.

The parties also anticipate moving for entry of a stipulated protective order.

## 9. CASE PLAN AND SCHEDULE

**a.   Deadline for Joinder of Parties and Amendment of Pleadings:**

March 24, 2025.

**b.   Discovery Cut-off:**

September 19, 2025.

**c.   Dispositive Motion Deadline:**

The Court will set deadlines for dispositive motions and any decertification motions after the close of discovery.

**d.   Expert Witness Disclosure**

**1.   The parties shall identify anticipated fields of expert testimony, if any.**

Defendant anticipates the need for expert testimony to rebut any expert witness designated by Plaintiffs, as well as possible expert testimony regarding damages.

The Parties reserve all rights to rely on expert witnesses and will timely identify any expert witnesses if they so choose to rely on any.

**2.   Limitations which the parties propose on the use or number of expert witnesses.**

None at this time.

Page 10 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

      **3.** **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

June 19, 2025.

      **4.** **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

August 4, 2025.

      **e.** **Identification of Persons to Be Deposed:**

Plaintiffs reserve the right to take the depositions of Rule 30(b)(6) corporate representatives of Defendant. Plaintiffs will timely notify Defendant within the discovery period if they so choose to proceed with Rule 30(b)(6) depositions of Defendant.

Defendant anticipates taking the deposition of Plaintiffs. Defendant may also depose any expert(s) disclosed by Plaintiffs and, should this matter proceed as a collective action, any opt-in Plaintiffs.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____

b. A final pretrial conference will be held in this case on _____ at ___ o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

    None at this time**.**

Page 11 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

**b. Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs propose a three six-hour trial days to a jury.

Defendant proposes 3-5 days, depending upon whether this matter proceeds as a collective action.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause and with approval of the Court.

Page 12 of 13
Steven Murphy, et al. v. Denver Children's Home
U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP
Joint Proposed Scheduling Order

FP 52669419.2

DATED at Denver, Colorado, this ___ day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ Sean Short  
**Sean Short**  
SANFORD LAW FIRM, PLLC  
Kirkpatrick Plaza  
10800 Financial Centre Pkwy, Suite 510  
Little Rock, Arkansas 72211  
Telephone: (800) 615-4946  
Facsimile: (888) 787-2040  
sean@sanfordlawfirm.com

/s/ Hillary R. Ross  
**Hillary Ross**  
FISHER & PHILLIPS LLP  
1125 17th Street, Suite 2400  
Denver, CO 80202  
Telephone: (303) 218-3650  
Facsimile: (303) 218-3651  
hross@fisherphillips.com

**Page 13 of 13**
**Steven Murphy, et al. v. Denver Children's Home**
**U.S.D.C. (D. Colo.) Case No. 1:24-cv-2304-GPG-SBP**
**Joint Proposed Scheduling Order**

FP 52669419.2