IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02304-GPG-SBP

STEVEN MURPHY, and
SARAH MURPHY,
Each Individually and on Behalf of All
Others Similarly Situated,

      Plaintiffs,
v.

DENVER CHILDREN'S HOME,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

This matter comes before the Court on the Joint Motion for Entry of Stipulated Protective Order filed by Plaintiffs Steven Murphy and Sarah Murphy ("Plaintiffs") and Defendant Denver Children's Home ("Defendant") (Plaintiffs and Defendant may be referred to each as a "Party" or collectively as the "Parties"). Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, the Court has reviewed that Motion and finds it meritorious and acceptable. Therefore, IT IS ORDERED:

    1.    This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1), including, but not necessarily limited to: (a) documents and communications containing Parties' confidential and proprietary business information; (b) personnel documents and records related to Plaintiffs and/or Defendant's current and former employees to the extent such information implicates privacy interests and is not generally known to the public; (c) industry trade secrets or competitive and strategic initiatives; (d) records required to be maintained in confidence by any contract or agreement, including with any non-party; and (e) other information implicating a common law or statutory privacy interest such as personal identifying information, including social security information and tax returns, or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial (including any appeal) of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party or non-party producing it and the consent of the Party or non-party claiming confidentiality (if that Party is different from the producing Party or non-party) or further Order of the Court, be disclosed or made available in any way to any person, *except that* such information may be disclosed to:

    (a) the Parties' attorneys that are actively working on this case;

(b) persons regularly employed or associated with the Parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

(c) the Parties, including representatives for the Parties who have a legitimate need to have access to such information;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his/her examination with respect to the document is necessary in connection with such testimony; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the Parties' counsel, persons employed by the Parties' counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, that contains CONFIDENTIAL information, such information may be designated as "CONFIDENTIAL" by indicating such designation in the file name of the file containing such ESI, by labeling the storage medium containing such ESI as "CONFIDENTIAL," or through other appropriate designation as set forth in Paragraph 6 above.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party or non-party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice is promptly given to

all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Production of any document or materials without a "CONFIDENTIAL" designation or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the Producing Party or non-party from designating said documents or material "CONFIDENTIAL" at a later date.

10. In the event a non-party or another Party produces documents that a Party wishes in good faith to designate as CONFIDENTIAL, the Party wishing to make that designation must do so within fourteen (14) days of receipt and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by Bates label or, where not Bates labeled, by document title and page number(s).  The non-designating Party shall thereafter mark the document or information in the manner requested by the designating Party and thereafter treat the document or information in accordance with such marking.  However, any use by the non-designating Party made before a post-production designation will not be a violation of this Stipulated Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating Party notifies the designating Party of the prior disclosure and otherwise complies with the new designation.

11. A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party or non-party that designated the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties or non-parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the objecting Party to utilize Judge Prose's Discovery Dispute Hearing

Procedures to object to the designation of particular CONFIDENTIAL information within thirty (30) days after the conclusion of that 14-day resolution period requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If the process identified above is timely followed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the dispute. If the objecting Party fails to follow the process identified above within the prescribed time, the disputed information shall retain its designation as CONFIDENTIAL and be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a dispute initiated under this provision, the Party or non-party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Stipulated Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2.

13. Pursuant to Fed. R. Evid. 502 (d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a Party's discovery request or informal production, as follows:

(a) The production of Documents by a party subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege and work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such

6

document, data or information;

(b) The inadvertent disclosure or production of documents, data, or information (including, without limitation, metadata) by a Producing Party, shall not result in the waiver of any privilege or protection associated with such document, data or information as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

(c) If any document, data or information (including, without limitation, metadata) produced by a party may reasonably be subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will refrain from reading the document, data, or information any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure, promptly notify the Producing Party in writing that it has discovered documents, data and/or information believed to be privileged, immune or otherwise not subject to production, identify the documents, data or information by bates number range or hash value range, and return or sequester such documents until the Producing Party confirms whether it does indeed assert any privilege protecting such documents. Once the Producing Party asserts privilege over such documents, data and/or information (as described in paragraph d below), the Receiving Party will return, sequester, or destroy all copies of such documents, data or information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Party. To the extent that documents, data and/or information have been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be

destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents;

(d) Upon the request of the Producing Party, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the document, data or information containing a legally recognizable privilege or immunity;

(e) If the Producing Party intends to assert a claim of privilege or other protection over documents, data or information identified by the Receiving Party, the Producing Party will, within fourteen (14) days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and if any portion of the document, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection;

(f) If, during the course of this Litigation, a party determines it has produced a document, data or information (including, without limitation, metadata) protected from discovery by a legally recognized claim of privilege, immunity, or other right not to produce such information, the Producing Party may notify the Receiving Party of such inadvertent production in writing and demand the return of such documents. Such notice shall be in writing, however, it

may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the document, data and/or information inadvertently produced by Bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the document, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified document, data and/or information and any copies, along with any notes, abstracts or compilations of the content thereof;

(g) A Receiving Party's return, sequestering or destruction of such privileged or otherwise protected documents, data and/or information as provided in the subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds that the documents, data and/or information are not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Party's production of the documents, data and/or information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of documents, data or information by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the

disclosure of privileged or otherwise protected documents, data or information, and/or that the Producing Party did not take reasonable steps to rectify such disclosure;

(h) To the extent that the information contained in a document, data and/or information has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it;

(i) Upon a determination by the Court that the documents, data, or information are protected by the applicable privilege or evidentiary protection, and if the documents, data, or information have been sequestered rather than returned or destroyed by the Receiving Party, the documents, data or information shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of documents, data or information by search terms or other means; and

(j) Nothing contained herein is intended to or shall serve to limit a Producing Party's right to conduct a review of documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the Party that designated it as CONFIDENTIAL, or the Parties may elect to destroy

CONFIDENTIAL documents. Where the Parties agree to destroy CONFIDENTIAL documents, the destroying Party shall provide all other Parties with an affidavit confirming the destruction except as is otherwise required by the Colorado Rules of Professional Conduct regarding the maintenance of a client's file for the prescribed period of time.

15. This Stipulated Protective Order shall continue to be binding after the conclusion of this action and all subsequent proceedings arising from this action, except that a Party may seek the written permission of the designating Party or non-party, or may move the Court, for relief from the provisions of this Stipulated Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order, even after the action is terminated.

16. If a Party to this Stipulated Protective Order is served with a subpoena, discovery request, court order, or other process which seeks or compels disclosure of any materials designated in this action as "CONFIDENTIAL," that party shall:

    (a) Promptly notify the designating party in writing and include a copy of the subpoena, discovery request, or court order;

    (b) Promptly notify in writing the entity who caused the subpoena, discovery request, court order, or other process to be issued, that some or all of the material covered by the subpoena, discovery request, court order or other process is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) with respect to any subpoena, discovery request or court order or other process, cooperate with respect to all reasonable procedures sought to be

pursued by the designating party whose protected material may be affected. The designating party shall provide a response within ten (10) business days of receiving notice of the subpoena, discovery request, or court order. If no such response is provided, the receiving party may produce information responsive to the subpoena, discovery request, or court order, but under no circumstances will the receiving party produce any information until the period for a response has lapsed. Upon the designating party's request, the party who received the subpoena, discovery request, or court order shall provide an additional ten (10) business days for the designating party to respond if the response requires greater specificity, but only if that request for an additional 10 days does not conflict with the receiving party's obligations to respond.

17. Nothing in this Stipulated Protective Order precludes a Party from seeking additional or greater protection of documents or information as the facts may warrant. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated: November 8, 2024

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

STIPULATED AS TO FORM AND SUBSTANCE:

| SANFORD LAW FIRM, PLLC | FISHER & PHILLIPS LLP |
|---|---|
| *s/ Sean Short* | *s/ Hillary R. Ross* |
| Sean Short | Hillary R. Ross |
| Josh Sanford | Stephanie N. McConkie |
| Sanford Law Firm, PLLC | Fisher & Phillips LLP |
| 10800 Financial Centre Pkwy, Suite 510 | 1125 17th Street, Suite 2400 |
| Little Rock, Arkansas 72211 | Denver, CO 80202 |
| Telephone: (800) 615-4946 | Telephone: (303) 218-3650 |
| Facsimile: (888) 787-3040 | Facsimile: (303) 218-3651 |
| sean@sanfordlawfirm.com | hross@fisherphillips.com |
| josh@sanfordlawfirm.com | smcconkie@fisherphillips.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

13

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on _____ [date] in the case of *Steven Murphy and Sarah Murphy v. Denver Children's Home*, Case No. 1:24-cv-02304-GPG-SBP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

_____
[signature]

City and State where sworn and signed:

_____

Address

_____

_____

_____

Telephone Number: _____

Printed name: _____
[printed name]

14